COURT OF COMMON PLEAS
FAYETTE COUNTY, OHIO

| | |
|---|---|
| MICHELLE RANAE SCOGGINS | CASE NO. CVH20240001 |
| Plaintiff | JUDGE DAVID BENDER |
| vs. | |
| MENARD, INC. d/b/a MIDWEST MANUFACTURING<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, OH 43221<br>C/O Corporation Service Company S/A | **COMPLAINT** |
| and | **JURY DEMAND<br>ENDORSED HEREON** |
| Bill Nelson<br>Address Unknown | |
| Defendant | |

Comes now Plaintiff Michelle Ranae Scoggins ("Plaintiff") and states as follows for her Complaint against the Defendants.

### PARTIES

1. Plaintiff is an individual residing in McDonough, Georgia.

2. Defendant Menard, Inc. ("Menards") is a corporation headquartered in Eau Claire, Wisconsin and organized under the laws of Wisconsin.

3. Defendant Bill Nelson ("Nelson") is an individual believed to be residing in Fayette County, Ohio.

### JURISDICTION & VENUE

1

4. Jurisdiction and venue are proper because Plaintiff was employed for Menards in Fayette County, Ohio, Nelson resides in Fayette County Ohio; and the conduct giving rise to this complaint was conducted within this county.

## FACTS

5. Plaintiff was originally employed as a forklift driver for Menards on February 8, 2021.

6. Plaintiff identifies as a lesbian woman, and disclosed these facts to Menards at or near the time she was first employed.

7. After approximately eight months of employment, Menards, through Assistant Plant Manager Jeremy Lukas promised a promotion to supervisor, after Plaintiff was given the responsibilities of a supervisor.

8. In approximately, January 2022, Lukas admitted that he did not submit the paperwork for increase in pay and title at Menards.

9. Two weeks later, Lukas ultimately submitted the paperwork, and I was given the title and pay of a supervisor.

10. In December of 2021, Bill Nelson, Assistant Plant Manager slammed the door in Plaintiff's face, while disparaging Plaintiff for being a woman. Specifically, Bill Nelson said "What am I supposed to hold it open for you because you are a woman? Is it to heavy for you? All you have to do is turn the handle."

11. Plaintiff reported this incident to Menards' Human Resources, but no action was taken.

12. In 2022, Plaintiff was given additional responsibilities due to issues with COVID, to help Assistant Plant Manager and Plant Manager, without additional pay.

2

13. While trying to perform these duties in January 2022, Nelson yelled at Plaintiff and attempted to interfere with her work. Nelson continued to intimidate her, following her out of the office, while yelling behind her. This behavior went on until Jayson S. interfered on Plaintiff's behalf to de-escalate the situation.

14. Plaintiff also reported this incident to Human Resources, and no action was taken.

15. Nelson continued to harass Plaintiff due to her sex, sexual orientation, and her documented depression, and Plaintiff continued to try to report those instances. However, Human Resources took no action to correct Nelson's sexist behavior.

16. In March of 2023, Plaintiff notified Menards of a problem with her depression medication, that may cause adverse effects, and need adjustments. Plaintiff indicated that she may be less productive or miss work due to these effects.

17. On April 12, 2023, Plaintiff needed to leave work early due to modifications in the depression medications that her physician recently changed.

18. On April 17, 2023, Plaintiff returned to work, with a doctor's notes concerning the missed time due to the adverse effects of modifying her depression medication.

19. Menards refused to accept Plaintiff's doctor's note, backdated her termination to April 12, 2023, and escorted her to the door.

20. If given the opportunity, Plaintiff would have applied for FMLA leave through Menards.

21. Plaintiff filed a complaint with the Ohio Civil Rights Commission on April 28th, 2023.

22. Plaintiff subsequently submitted, in writing, a notice that she requests a notice of right to sue from the Ohio Civil Rights Commission on May 9th, 2023.

3

23. Sixty days have elapsed since Plaintiff filed her complaint with the OCRC and forty-five days have elapsed since the OCRC could have granted Plaintiff a right to sue letter.

24. The OCRC has yet to issue a right to sue letter to Plaintiff.

25. Because Plaintiff has made her demand for a right to sue letter and waited the appropriate statutory time, Plaintiff is entitled to bring actions under R.C. 4112 *et seq.*

## COUNT I

### FAMILY AND MEDICAL LEAVE ACT
### (FMLA RETALIATION)

26. Plaintiff realleges by reference all previous paragraphs of this Complaint.

27. Prior to the date she was terminated, Plaintiff worked for Menards for over twelve months, had over 1,250 hours of service for Menards during the twelve month period immediately preceding the date she was terminated, and worked in a location where Menards had at least 50 employees within 75 miles.

28. Plaintiff suffered from a serious health condition, insofar as she suffered from chronic depression.

29. Plaintiff's depression required her to be seen at least twice a year and recurred over an extended period of time.

30. Plaintiff was an eligible employee under FMLA

31. Menards was an employer as defined under the FMLA.

32. Plaintiff was entitled to leave under the FMLA.

33. Plaintiff gave Menards notice that she intended to use her departure from work on April 12, 2023 through April 17, 2023 as covered leave when she presented a doctor's note.

34. Menards knew or should have known Plaintiff was exercising FMLA leave.

35. Plaintiff's exercise of FMLA leave was an activity protected by the FMLA.

4

36. Menards interfered with Plaintiff's FMLA benefits and denied Plaintiff FMLA benefits to which she was entitled, by demoting Plaintiff upon her return from leave.

37. Plaintiff suffered an adverse employment action, including, termination.

38. There was a causal connection between Plaintiff's protected FMLA activity and the adverse employment action.

39. Menards' misconduct was willful, wanton, and with disregard to the rights of Plaintiff.

40. Plaintiff has suffered damages as a direct and proximate result.

## COUNT II

### FAMILY AND MEDICAL LEAVE ACT
### (FMLA RETALIATION)

41. Plaintiff realleges by reference all previous paragraphs of this Complaint.

42. As explained in detail above, Plaintiff was an eligible employee under the FMLA, Defendant was an employer as defined under the FMLA, and Plaintiff was entitled to take leave under the FMLA.

43. Plaintiff gave Menards notice of her intention to take FMLA leave, which was granted.

44. Menards denied Plaintiff FMLA benefits she was entitled by terminating her when she returned to work.

45. Defendants' misconduct was willful, wanton, and with disregard for the rights of Plaintiff.

46. Plaintiff has suffered damages as a direct and proximate result.

## COUNT III

## <u>OHIO REVISED CODE § 4112</u> - SEX DISCRIMINATION AND SEX HARASSMENT: AGAINST ALL DEFENDANTS

47. Plaintiff realleges by reference all previous paragraphs of this Complaint.

48. Defendants followed and are following a policy and practice of discrimination against Plaintiff because of her gender in violation of <u>O.R.C. § 4112</u> *et seq*.

49. The effect of the policies and practices pursued by the Defendants as alleged above has been to limit, classify, and discriminate against Plaintiff in ways which adversely affected her status as an employee and ultimately led to her firing because of her gender in violation of <u>O.R.C. § 4112</u> *et seq*.

50. Defendants' actions in intentionally, willfully, and wantonly discriminating against Hart because of her gender include, but are not limited to, treating Plaintiff differently from similarly-situated male employees as outlined above.

51. Defendants' above-described actions were fraudulent, malicious, wanton and willful, gross and egregious, exhibited a conscious disregard for the rights of Plaintiff, and had a great probability of causing substantial harm in violation of <u>O.R.C. § 4112</u> *et seq.*.

52. As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff has suffered and continues to suffer pain, humiliation, emotional distress, lost wages, and other damages for which Defendants are liable.

## <u>COUNT IV</u>

## <u>OHIO REVISED CODE §4112</u> – RETALIATION: AGAINST ALL DEFENDANTS

53. Plaintiff realleges by reference all previous paragraphs of this Complaint.

54. Defendants retaliated against Plaintiff for engaging in protected activities by treating her less favorably than other non-complaining employees and constructively terminating her employment, in violation of <u>O.R.C. § 4112.02</u> *et seq*.

6

55. Defendants' above-described actions were fraudulent, malicious, wanton and willful, gross and egregious, exhibited a conscious disregard for the rights of Plaintiff and had a great possibility of causing substantial harm.

56. As a direct and proximate result of Defendants' retaliation in violation of O.R.C. § 4112, Plaintiff has suffered and continues to suffer pain, humiliation, emotional distress, lost wages, and other damages for which Defendants are liable.

## COUNT V
## DISABILITY DISCRIMINATION – UNDER THE ADA

57. Plaintiff realleges by reference all previous paragraphs of this Complaint.

58. Throughout her employment with Defendants, Plaintiff suffered from a disability as defined by the ADA.

59. Defendants were aware of Plaintiff's disability.

60. Plaintiff was a qualified individual capable of performing the essential functions of his job position with reasonable accommodation.

61. Defendants discriminated against Plaintiff by failing to provide Plaintiff reasonable requested accommodations for her disability, by treating her differently than similarly-situated, nondisabled employees, and by terminating Plaintiff because of Plaintiff's disability and/or because Defendants regarded Plaintiff as disabled.

62. Defendants discriminated against Plaintiff by replacing her with a non-disabled employee and or by retaining nondisabled employees because of Plaintiff's real or perceived disability.

63. Defendants regarded Plaintiff as disabled.

64. Defendants discriminated against Plaintiff without legitimate reason or rationale.

65. Defendants' conduct violated the ADA.

66. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and is entitled to judgment and damages.

## COUNT V

### DISABILITY DISCRIMINATION – UNDER OHIO REVISED CODE §4112

67. Plaintiff realleges by reference all previous paragraphs of this Complaint.

68. Throughout her employment with Defendants, Plaintiff suffered from a disability as defined by O.R.C. § 4112.

69. Defendants were aware of Plaintiff's disability.

70. Plaintiff was a qualified individual capable of performing the essential functions of his job position with reasonable accommodation.

71. Defendants discriminated against Plaintiff by failing to provide Plaintiff reasonable requested accommodations for her disability, by treating her differently than similarly-situated, nondisabled employees, and by terminating Plaintiff because of Plaintiff's disability and/or because Defendants regarded Plaintiff as disabled.

72. Defendants discriminated against Plaintiff by replacing her with a non-disabled employee and or by retaining nondisabled employees because of Plaintiff's real or perceived disability.

73. Defendants regarded Plaintiff as disabled.

74. Defendants discriminated against Plaintiff without legitimate reason or rationale.

75. Defendants' conduct violated the O.R.C. § 4112.

76. As a direct and proximate result of Defendants' conduct, Plaintiff has been damaged and is entitled to judgment and damages.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to award her back pay, front pay, compensatory damages, punitive damages, in an amount to be determined which is in excess

of $25,000.00, as well as court costs, expenses, interest and attorney's fees, and any other relief the Court or a jury may deem fair and appropriate under the circumstances.

Respectfully submitted,

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano          0100339
Attorney for Plaintiff
The CMW Law Firm
14 E. Main St.
Fairborn, OH 45324
Tel: (513) 653-0123
Fax: (833) 968-1876
tony@cmwlawfirm.com

Caleb Johnson
*Attorney for Plaintiff*
153 E Court St. | P.O. Box 1060
Washington Court House, OH 43160
Phone: (740) 572-3257
Email: CalebJohnsonLaw@gmail.com
Bar No.: 100964

## JURY DEMAND

Plaintiff, Renae Scoggins, hereby demands a trial by jury.

*/s/ Anthony D. Maiorano*
Anthony D. Maiorano          0100339